**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| 1550 CONDOMINIUM ASSOCIATION, | ) |
| EDWARD BROESALME, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, Kevin Sanders ("Plaintiff" or "Sanders"), by and through his attorney, Josh M. Friedman, and complains against the Defendants, 1550 Condominium Association ("1550") and Edward Broesalme ("Broesalme"), as follows:

**INTRODUCTION**

1.      This is an action against Defendants arising out of Defendants' failure to pay Sanders overtime wages due him and Defendants' breach of an employment agreement with Sanders.

2.      This lawsuit alleges a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* for Defendants' failure to pay overtime wages to Sanders.

3.      Plaintiff also brings a claim under the Illinois Minimum Wage law, 820 ILCS 105/1 et seq. for Defendants' failure to pay overtime wages to Sanders.

4.      Plaintiff also brings state law claims for breach of contract, promissory estoppel, and violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*.

## PARTIES

5.      Sanders is an individual who resides in this judicial district. At all times relevant hereto, Sanders was an employee of 1550 for the purposes of the claims asserted in this action.

6.      Defendant 1550 is an Illinois not-for-profit corporation that operates a condominium building located 1550 North Lakeshore Drive, Chicago, Illinois. Defendant 1550 is therefore located in this judicial district and is an employer for the purposes of the claims asserted in this action.

7.      At all times relevant hereto, Broesalme was the president of 1550's Board of Directors. Broesalme was involved in the day to day operations of Defendant 1550. Among other things, he had authority to hire and fire 1550's employees; direct and supervise those employees; sign on 1550's checking accounts; and make decisions regarding employee compensation. Therefore, he is an employer for the purposes of Sanders' FLSA and IMWL claims.

## JURISDICTION AND VENUE

8.      Federal jurisdiction over sanders' FLSA claim in this case lies under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9.      This Court also has supplemental jurisdiction over Sanders' state law claims pursuant to 28 U.S.C. § 1367.

10.     Venue is proper pursuant to 28 U.S.C. § 1391 as this is the judicial district where a substantial part of the events or omissions giving rise to Sanders' claims occurred and where all the parties reside.

## FACTS COMMON TO ALL COUNTS

11.     Sanders began his employment with Defendant 1550 in or around 2000. At all times relevant hereto, he worked as a doorman/concierge for Defendant 1550 and he performed his job satisfactorily. In this positon, he was paid hourly, and he was therefore a non-exempt employee under the FLSA and the IMWL.

12.     Beginning in or around March 2014, Broesalme told Sanders that, on behalf of the Board, 1550 intended to discharge its then property management company from its role as property manager and to hire Sanders for the position.

13.     Sanders requested confirmation of this promise, and Broesalme repeatedly confirmed this promise to Sanders.

14.     Beginning in or around April 2014, Broesalme told Sanders that the Board wanted him to take the building manager positon, that he should withdraw from the Union, resign his positon as doorman and transition to the building manager positon. In reliance on these promises, Sanders began working in the office as well as in his doorman/concierge positon and he worked for a significant period of time in April and May of 2014 well in advance of 40 hours per week. Sanders was not paid any overtime compensation for these overtime hours.

15.     On or about June 2, 2014, Broesalme, who stated he was acting on behalf of the Board, made Sanders a formal offer of employment for the building manager position. He offered Sanders the positon at a salary of $50,000 per year, including health insurance, and he guaranteed him employment for a one-year period. Sanders accepted this offer.

16.     In reliance on the parties' aforementioned agreement, Sanders withdrew from the Union, resigned his positon as doorman/concierge, paid for an attended a building management certification course, began training his replacement for the doorman/concierge position, and began transitioning to the building management positon.

17.     In or around the middle of June 2014, Broesalme advised Sanders that he and the Board would not honor the employment agreement that they had reached on or about June 2, 2014.

18.     Defendants were aware of their obligation to pay Sanders overtime pay, but they intentionally chose not to do so.

19.     Defendants acted in bad faith in failing to pay Sanders the overtime for the work he performed.

20.     As a direct and proximate result of Defendants' actions and omissions alleged above, Sanders was deprived of overtime compensation, he lost his job as doorman/concierge with Defendant 1550, he lost the salary and benefits promised him in the employment agreement, he no longer has a union membership, he expended funds to obtain a property manager certification, and

4

he has lost and will lose compensation, benefits, and other amounts in an amount to be proven at trial.

## COUNT I – FAIR LABOR STANDARDS ACT

21.     Sanders reasserts and realleges paragraphs 1-20 as paragraph 21.

22.     Pursuant to 29 U.S.C. § 207, for all workweeks in which Sanders worked in excess of forty (40) hours he was entitled to be compensated at the overtime rate of one and one-half times his normal hourly rate of pay.

23.     Defendants failed to pay Sanders at the overtime rate for the hours he worked in excess of forty (40) hours per workweek. This failure constitutes a violation of the FLSA.

24.     Defendants knew their obligations under the FLSA  but deliberately chose not to comply with them. Thus, Defendants' failure to pay overtime wages constitutes a willful violation of the FLSA.

25.     As a direct and proximate result thereof, Sanders is owed overtime pay and liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff Kevin Sanders respectfully requests that this Honorable Court enter judgment as follows:

(a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for three years preceding the filing of this complaint, according to the applicable statute of limitations of willful violations of the FLSA;

(b) Awarding liquidated damages in an amount equal to the amount of
unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

(c) Awarding prejudgment interest with respect to the amount of unpaid
overtime compensation;

(d) Awarding reasonable attorneys' fees and the costs of this action;

(e) Ordering such other and further relief as this Court deems equitable
and just.

<u>COUNT II – ILLINOIS MINIMUM WAGE LAW</u>

26.     Sanders reasserts and realleges paragraphs 1-20 as paragraph 26.

27.     The matters set forth in this Count arise from Defendants'
violations of the overtime compensation provisions of the IMWL. 820 ILCS
105/4(a) .

28.     Sanders was an employee of Defendants who was not paid proper
overtime wages under the IMWL during his employment with Defendants.
Sanders therefore brings this Count pursuant to 820 ILCS 105/12(a).

29.     At all times relevant hereto, Defendants were employers as defined
under the IMWL, 820 ILCS 105/3(c).

30.     At all times relevant hereto, Sanders was employed by Defendants
as an employee as defined under the IMWL, 820 ILCS 105/3(d).

31.     Pursuant to 820 ILCS 105/4(a), for all workweeks in which Sanders
worked for Defendants in excess of 40 hours, he was entitled to be compensated
at one and one-half times his normal hourly rate of pay.

32. Defendants failed to pay Sanders overtime wages for all hours worked in excess of forty (40) hours per workweek at a rate equal to one and one half times his regular rate of pay.

33. Pursuant to 820 ILCS 105/12(a), Sanders is entitled to recover unpaid wages in the three (3) year period prior to the filing of this Complaint, plus punitive damages in an amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff Kevin Sanders respectfully requests that this Honorable Court enter judgment as follows:

(a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for violations of the IMWL;

(b) Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

(c) Awarding punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

(d) Awarding reasonable attorneys' fees and the costs of this action;

(e) Ordering such other and further relief as this Court deems equitable and just.

## COUNT III – BREACH OF CONTRACT

34. Sanders reasserts and realleges paragraphs 1-20 as paragraph 34.

35. On or about June 2, 2014 Broesalme, on behalf of the Board of 1550, offered Plaintiff an employment agreement under which the Board would

7

guarantee Sanders employment for a one year period as the building manager, and pay him a salary of $50,000 plus benefits.

36.     On June 2, 2014, Sanders accepted Defendants' offer to enter into an employment agreement. As a result, an enforceable contract arose between Sanders and Defendants.

37.     By withdrawing their offer to employ Sanders, Defendants breached their contract with sanders, and Sanders suffered damages as a result thereof in an amount that will be proven at trial.

WHEREFORE, Plaintiff Kevin Sanders respectfully requests that this Honorable Court enter judgment as follows:

(a)     Awarding him all damages resulting from Defendants breach of contract;

(b)     Awarding prejudgment interest;

(c)     Awarding him the costs of this action;

(d)     Ordering such other and further relief as this Court deems equitable and just.

## COUNT IV–PROMISSORY ESTOPPEL

38.     Sanders reasserts and realleges paragraphs 1-20 as paragraph 38.

39.     Defendants' promise to employ Sanders as a building manager and to pay him a one year guaranteed salary of $50,000 plus health insurance constituted an unambiguous promise to Sanders.

40.     In withdrawing from the Union, resigning his position as doorman/concierge, and paying for the property management class, Sanders reasonably relied upon Defendants' promise to employee him.

41.     Sanders' reliance on said promise was detrimental to him as he gave up his job and union membership, and expended funds, in reliance on said promise.

42.     As a direct and proximate result of Sanders' detrimental reliance on the aforesaid promise by Defendants, Sanders was damaged in an amount that will be proven at trial.

WHEREFORE, Plaintiff Kevin Sanders respectfully requests that this Honorable Court enter judgment as follows:

(a)     Awarding him all damages resulting from his detrimental reliance on Defendants' promise;

(b)     Awarding prejudgment interest;

(c)     Awarding him the costs of this action;

(d)     Ordering such other and further relief as this Court deems equitable and just.

## COUNT V – VIOLATION OF THE ILLINOIS WAGE PAYMENT ACT

43.     Sanders reasserts and realleges paragraphs 1-20 as paragraph 43.

44.     Defendants' promise to employee Sanders for a year on the terms and conditions set forth above constituted an enforceable agreement to pay

Sanders wages under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*

45.     By breaching the agreement to employ Sanders and failing to pay him any wages, Defendants violated the Wage Payment and Collection Act.

WHEREFORE, Plaintiff Kevin Sanders respectfully requests that this Honorable Court enter judgment as follows:

(a)     Awarding him all wages and other compensation due him;

(b)     Awarding him prejudgment interest and damages in the amount of 2 percent of the unpaid wages per month;

(c)     Awarding him reasonable attorney's fees and the costs of this action;

(d)     Ordering such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,

KEVIN SANDERS,


By:     /s/Josh Friedman
        His Attorney

JOSH M. FRIEDMAN
The Law Offices of Josh Friedman
53 W. Jackson Blvd., Suite 1028
Chicago, IL 60604
(312) 886-0277
josh@friedmanfirm.com
A.R.D.C. No. 6220313